```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       EASTERN DIVISION
```

**SIDNEY STALLWORTH, #45129**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 4:05cv127TSL-JCS**

**LARRY GREER, UNKNOWN THOMAS,**
**UNKNOWN BONNER, WILLIE H. BOOKERT,**
**and CHRISTOPHER B. EPPS**                                      **DEFENDANTS**

## OPINION and ORDER

This matter is before the court, sua sponte, for consideration of dismissal. The plaintiff, an inmate at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Larry Greer, Warden at EMCF; Lt. Thomas, Officer at EMCF; Officer Bonner, Officer at EMCF; Willie H. Bookert, Disciplinary Hearing Officer at EMCF; and Christopher Epps, Commissioner of the Mississippi Department of Corrections.

### Background

Plaintiff was found guilty of a rule violation report ("RVR") for threatening to kill Sgt. Mason. He was given twenty days of isolation as punishment. Plaintiff claims that defendants Officer Bonner and Lt. Thomas violated plaintiff's constitutional right to due process when they falsely claimed in plaintiff's RVR that the plaintiff waived his right to a

hearing on the matter. He further states that defendant Disciplinary Hearing Officer Willie Bookert violated his due process rights by failing to properly investigate the plaintiff's allegations concerning the actions of Bonner and Thomas. Likewise, plaintiff claims that defendants Greer and Epps, as the reviewers of his grievance filed with the administrative review program, violated his due process rights by their failure to investigate the matter. The plaintiff seeks injunctive and monetary relief.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim upon which relief may be granted.

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited

to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).[1]  Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by being placed in isolation for twenty days. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997)(inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); see also Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest); see also Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits).

---

[1] It is not clear to the Court if the plaintiff was actually reclassified as a result of being found guilty of this RVR but the Court points out that the plaintiff would not have a due process claim arising out of any reduction in his custody classification level.  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).

Likewise, the plaintiff's allegations that certain defendants failed to investigate the plaintiff's claims also fail to establish a federally protected liberty interest. <u>Geiger v. Jowers</u>, 404 F.3d 371, 374 (5th Cir. 2005). Since the plaintiff is relying "on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." <u>Id.</u> Therefore, the plaintiff was not entitled to due process protections when he received an RVR and was placed in isolation for twenty days, and as such, he has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

## Conclusion

As stated above, the plaintiff's complaint fails to state a claim upon which relief may be granted. As such, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, Section 1915(e)(2)(B)(ii), it will be counted as a "strike".[2] If the

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

plaintiff receives "three strikes" he will be denied <u>in forma pauperis</u> status and required to pay the full filing fee to file a civil action or appeal.

All pending motions in this case are hereby terminated. A final judgment in accordance with this opinion and order will be entered.

THIS the <u>  22nd   </u> day of May, 2006.

<u>    /s/ Tom S. Lee                   </u>
UNITED STATES DISTRICT JUDGE